NATHAN M. JENKINS (560)
JERRY C. CARTER (5905)
JENKINS & CARTER
501 Hammill Lane
Reno, NV 89511-1004
Telephone: (775) 829-7800

Attorneys for Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DIVERSIFIED CONCRETE CUTTING, INC., a Nevada corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>TRUSTEES of the NORTHERN NEVADA OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, JOHN MADOLE and RUSSELL BURNS; TRUSTEES of the OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PREAPPRENTICE, APPRENTICE, AND JOURNEYMAN AFFIRMATIVE ACTION TRAINING FUND FOR NORTHERN NEVADA, JOHN MADOLE and RUSSELL BURNS; THE NEVADA CONSTRUCTION INDUSTRY PROMOTION BUREAU, INC., a Nevada non-profit corporation; THE NORTHERN NEVADA OPERATING ENGINEERS CONTRACT COMPLIANCE FUND, INC., a Nevada non-profit corporation; TRUSTEES of the OPERATING ENGINEERS PENSION TRUST FUND, GIL CROSTHWAITE and RUSSELL BURNS; TRUSTEES of the OPERATING ENGINEERS VACATION AND HOLIDAY PAY PLAN, GIL CROSTHWAITE and RUSSELL BURNS; TRUSTEES of the OPERATING ENGINEERS PENSIONED OPERATING ENGINEERS HEALTH & WELFARE TRUST FUND, GIL CROSTHWAITE and RUSSELL BURNS; AND DOE DEFENDANTS I through X, inclusive,<br><br>  Defendants.<br>_____/ | Case No. 3:10-cv-00526-RCJ-WGC<br><br>**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT** |

1

**WHEREAS**, this matter involves documents and information related to the parties, which documents and information contain non-public, tax, business, commercial, financial, proprietary and/or other sensitive information, which, if not kept confidential, could be injurious to the interests of the parties; and

**WHEREAS**, this Stipulated Protective Order and Confidentiality Agreement (this "Stipulated Protective Order and Confidentiality Agreement") has been agreed to by all the Parties and their counsel, and submitted to the Court, so as to ensure the confidentiality of the aforementioned documents and information;

**IT IS HEREBY STIPULATED** by and between the Parties, through their respective counsel of record, that the following procedures shall apply to all information, materials, or things designated as "Confidential" in the above-captioned matter ("Discovery"):

1. The parties to this Stipulated Protective Order and Confidentiality Agreement include the Plaintiff and each named Defendant. This Stipulated Protective Order and Confidentiality Agreement is effective and binding prospectively upon entry by the Court.

2. Each Party and any third party upon whom a discovery request is served after the date of this stipulation (each, a "Designating Party") may designate as "Confidential" any Discovery that it produces in the above-referenced matter, as well as any Discovery that contains its own proprietary or privileged information produced by any other Party, including documents, materials, things, or testimony. In doing so, such Designating Party represents that it has a good faith belief that the material designated as "Confidential" contains non-public, tax, business, commercial, financial, proprietary and/or other sensitive information, trade secrets, information subject to a legally protected right of privacy, or other confidential information. Documents shall be designated as "Confidential" by affixing to them a stamp bearing the word "Confidential." A "Confidential" designation may also be affixed to any document generated in the course of this litigation, including portions of briefs, memoranda, or any other writings filed with the Court, which mentions, discusses, or comments upon any confidential information. All copies of documents that have been designated as "Confidential" shall be treated in the same manner as the documents that were originally designated as "Confidential."

3. Any and all documents, materials, things, or testimony that were previously provided by any Party under a request of confidentiality, and that were subsequently produced or will be produced in this matter, whether in hard copy or electronic form, are hereby retroactively designated "Confidential," and are subject to the terms of this order.

4. Discovery designated as "Confidential" under this Stipulated Protective Order and Confidentiality Agreement, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Confidential" shall be used only for the purposes of the prosecution, defense, or resolution of this action, including appellate proceedings in this action, and for no other purpose. Except as stated in the prior sentence, confidential material may not be used for any other purpose, including without limitation, any other litigation or business, governmental, or regulatory purpose or function, except as may be subpoenaed by any court, administrative, or legislative body.

5. In the case of deposition testimony, the Parties and any non-party may designate as "Confidential" their respective testimony and testimony by any of their respective current or former partners, directors, principals, personnel or employees at the time of the deposition or by written notice to all counsel of record within fourteen (14) business days after receipt of the written transcript.

6. "Disclosure" and "disclosed" as used in this Stipulated Protective Order and Confidentiality Agreement and the attached Exhibit A shall include, without limitation, allowing or failing to take reasonable steps to prevent: (a) visual inspection of a designated document (or any summary, description, abstract, or index thereof), by any individual not authorized under this Stipulated Protective Order and Confidentiality Agreement; and/or (b) any communication that reveals, conveys, or otherwise discloses the substance of all or any part of a designated document (or any summary, description, abstract, or index thereof) to an individual not authorized under this Stipulated Protective Order and Confidentiality Agreement.

7. Except with the prior written consent of the Designating Party, no documents (either original or copy) designated as "Confidential" and no information contained therein, including any summaries made of such information, may be disclosed to any person other than:

3

(a) The named Parties, their present counsel representing the named Parties, and any support staff assisting counsel in this litigation;

(b) The Court and any persons employed by the Court whose duties require access to such materials;

(c) Any insurer or indemnifier of any Party, or their counsel;

(d) Any expert or consultant retained by counsel or a Party to assist in the preparation of this case, or to testify at trial or any other proceedings in this action;

(e) Any person not already identified in paragraphs (a) through (d) above testifying at a deposition, and their counsel, if represented;

(f) Any person who authored the material or previously received that information in the ordinary course of business;

(g) Court reporters and other persons involved in recording deposition testimony in this action by any means;

(h) Governmental entities, only under compulsion of subpoena; and

(i) Such other persons as are designated by written agreement between the Parties and the producing Party, or by Court order.

8. Counsel desiring to reveal "Confidential" material produced by another Party to any of the persons referred to in paragraphs 7(a), (c), (d), (e), (f), (g) and (i) above shall advise each person of the existence of this Stipulated Protective Order and Confidentiality Agreement and secure from each person, prior to disclosure of any information subject to this Stipulated Protective Order and Confidentiality Agreement, an executed Non-Disclosure Certificate stating that the person has read this Stipulated Protective Order and Confidentiality Agreement, understands its provisions, agrees to be bound thereby, and agrees to be subject to the jurisdiction of this Court for any proceedings relative to enforcement of this Stipulated Protective Order and Confidentiality Agreement. The certificate shall be in the form attached hereto as Exhibit A. Counsel for the Parties, and their support staff, shall not be required to execute Non-Disclosure Certificates. Counsel shall maintain a complete record of every original signed certificate obtained from any person

1  pursuant to this paragraph. The signed certificates shall be produced upon demand.

2      9. If any Party or non-party inadvertently produces any "Confidential" information or material without marking it with the appropriate legend, such inadvertent production shall not by itself be a waiver of a claim of confidentiality as to that material, and the Party or non-party may give written notice to the receiving Party and other parties that the document, thing or related testimony or response is deemed "Confidential" and should be treated as such in accordance with the provisions of this Stipulation and Order. After such notice, the material shall be subject to the protections of this Stipulation and Order. If a recipient of material deemed "Confidential" under the terms of this Order inadvertently discloses Confidential material to persons not listed in paragraph 4, such disclosure shall be reported in writing to the Designating Party within thirty (30) days of the producing Party's discovery of such inadvertent disclosure. In that event, the person or entity who inadvertently disclosed the Confidential material shall make all reasonable efforts to retrieve the Confidential material and any documents containing such Confidential material, and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential material in accordance with the terms of this Stipulation and Order.

    10. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection, or the inadvertent production of Confidential information without the appropriate designation. The inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity, or the inadvertent production of Confidential information without the proper designation, shall not waive the privilege, immunity, or protection of the Confidential information if a request for return of such document or information is made within thirty (30) days after the producing party learns of its inadvertent production. With regard to inadvertently produced material subject to a privilege or the work product protection, upon request, the document or information shall be returned to the producing party, or expunged, and all copies of, summaries of, or work product deriving from the document or information shall be destroyed immediately. With regard to Confidential information inadvertently produced without the appropriate designation, upon request, the document or

information shall be returned to the producing party for proper labeling, and all copies of, summaries of, or work product deriving from the document or information shall be labeled as containing Confidential information subject to this Order.

11. Should any other non-party seek access to Confidential information by subpoena, request or otherwise, the recipient of the Confidential information, as applicable, shall give prompt written notice to the Designating Party of such subpoena or request; shall object to the production of such Confidential information; and shall cooperate with the Designating Party in resisting any efforts by third parties to obtain Confidential information. Unless within twenty (20) days of service of such notification the Designating Party applies for an order from a court of competent jurisdiction precluding the receiving Party from complying with such subpoena or request, the receiving Party shall be free to produce the Confidential material. If the Designating Party applies for such an order, the receiving Party shall not produce the documents designated "Confidential" until after the Court rules on such application. Nothing herein shall be construed as requiring the receiving Party or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential material covered by this Stipulation and Order, or subject herself, himself or itself to any penalties for non-compliance with any legal process or order, or seek any relief from this Court.

12. When documents or information designated "Confidential" is used at depositions, hearings, or other public or quasi-public proceedings, the documents or information shall be identified as Confidential in accordance with the applicable provisions of paragraphs 4 and 8, in terms sufficient to apprise those present of their protected status and of the protective conditions which apply to them. To the extent that any of those present are not designated persons as defined in paragraph 7, or are designated persons who have not previously been shown this Stipulated Protective Order and Confidentiality Agreement, the applicable provisions of this Stipulated Protective Order and Confidentiality Agreement shall be carried out.

13. In the event that a Party wishes to use or refer to any documents designated "Confidential," or excerpts or portions therefrom, in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such affidavits, briefs, memoranda of law, or other

6

papers shall be filed under seal with the Court in the manner provided by the applicable rules and consistent with paragraph 20 herein.

14. The Parties and a Designating Party may agree in writing or on the record, without further order of this Court, to allow disclosure of documents or information to an individual who otherwise would not be authorized to receive such documents or information hereunder. In the absence of an agreement in writing or on the record, counsel of record for any Party (the "Notifying Party") may at any time serve a written notice upon all other counsel of record and a Designating Party (a) objecting to the designation made by the Designating Party, (b) proposing to disclose designated Discovery to an individual to whom such disclosure is not authorized by this Stipulated Protective Order and Confidentiality Agreement, or (c) proposing to designate as Confidential any such Discovery which the Notifying Party failed to so label. The Parties and the Designating Party shall attempt to resolve any dispute concerning (a), (b), or (c) in good faith. If the attempt is unsuccessful, the Notifying Party may move for an order changing the designation of the documents or information. If any such dispute is submitted to the Court, the documents or information referred to in such further notice will retain their initial designation until a ruling by the Court, and thereafter shall be classified in accordance with such ruling.

15. Unless otherwise agreed in writing, within ninety (90) days of the conclusion of this action and the related proceedings described in paragraph 4, including any appeal, all documents designated "Confidential" and all copies of same (other than exhibits filed with the court and/or copies of briefs and other papers filed with the Court), shall be returned to the Designating Party by each Party at that Party's expense or otherwise destroyed. Any such briefs and other papers retained by a Party shall continue to be treated pursuant to the terms of this Order.

16. This Stipulated Protective Order and Confidentiality Agreement shall not affect any Party's right to object on any ground to the use of Discovery in litigation. This Stipulated Protective Order and Confidentiality Agreement shall not affect any Party's right to use its own documents or other documents lawfully obtained from a third party in any manner permitted by law in this litigation. Consent to and entry of this Stipulated Protective Order and Confidentiality Agreement shall not restrict the right of any Party to move for an order seeking modification of this Stipulated

Protective Order and Confidentiality Agreement or further protection.

17. Due to the nature of the litigation, many discoverable documents contain social security numbers of employees of Plaintiff. It is agreed that the social security numbers shall be treated as "confidential" even though a document containing a social security number may not be stamped "confidential."

18. The Court shall determine at the time of trial how Confidential material shall be handled at trial, consistent with the purposes of this Stipulated Protective Order and Confidentiality Agreement. This Stipulated Protective Order and Confidentiality Agreement shall not prejudice or affect any Party's right to object to the authenticity or admissibility of any evidence at trial.

19. This Stipulation and Order shall remain in force and effect during the entirety of this litigation and thereafter (including after the return or destruction of the Discovery), until modified in a writing signed by each Party, superseded or terminated on the record by the agreement of the Parties hereto, or by Order of the Court.

20. Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule 10-5(b). Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006).

DATED this _____ day of March, 2012.

                      JENKINS & CARTER
                      Attorneys for Defendants

                      By: /s/ Jerry C. Carter
                          NATHAN M. JENKINS
                          JERRY C. CARTER
                          501 Hammill Lane
                          Reno, Nevada 89511-1004

///

///

DATED this 29th day of March, 2012.

                        LAW OFFICES OF MICHAEL B. SPRINGER, PC
                        Attorneys for Plaintiff

By:   /s/ John D. Moore
       MICHAEL B. SPRINGER (NV Bar 1948)
       JOHN D. MOORE (NV Bar 8581
       9628 Prototype Court
       Reno, NV 89521

## **ORDER**

IT IS SO ORDERED.

DATED this 2nd day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

9

**EXHIBIT A**

**ACKNOWLEDGMENT**

I acknowledge that I have read the attached Protective Order entered by the United States District Court for the District of Nevada, and I understand that I am authorized to receive Confidential Information subject to that Protective Order. I agree to abide by the obligations and conditions of that Protective Order. I agree to submit to the jurisdiction of the United States District Court for the District of Nevada for all disputes arising out of or relating to the Protective Order and/or the disclosure or receipt of Confidential Information under that Protective Order.

Dated this _____ day of _____, 20___.

Signature: _____

Printed Name: _____

Company: _____

Title/Position: _____

10