UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DIVERSIFIED CONCRETE CUTTING, INC.,) <br> a Nevada Corporation,    ) <br>       Plaintiff,    ) <br>         ) <br>   vs.      ) <br> TRUSTEES of the NORTHERN NEVADA  ) <br> OPERATING ENGINEERS HEALTH &  ) <br> WELFARE TRUST FUND, *et al*.,  ) <br>       Defendants.   ) <br> _____  ) | 3:10-cv-00526-RCJ-WGC <br><br> **MINUTES OF PROCEEDINGS** <br><br> July 31, 2012 |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>  KATIE LYNN OGDEN  </u>  REPORTER: <u>       FTR           </u>

COUNSEL FOR PLAINTIFF(S): <u>    JOHN MOORE                        </u>

COUNSEL FOR DEFENDANT(S): <u> JERRY CARTER                       </u>

**PROCEEDINGS: MOTION HEARING**

9:33 a.m. Court convenes.

     As a preliminary discussion the Court advises counsel of Special Order 109 (IV,D) which requires CM/ECF users to provide chambers with a paper copy of any document that exceed 50 pages in length; and of Local Rule 10-3 which requires any document over 50 pages to be tabbed with exhibit numbers.

     The Court further addresses counsel regarding the meet and confer requirement of Local Rule 26-7 and requests that counsel explain how the requirement was satisfied. Counsel represent that they have satisfied the requirement of LR 26-7(b) by way of email, letters and telephone conversations. The Court is not inclined to agree and deem counsels' attempts as not being in compliance with the spirit and intent of the obligation of "personal consultation" to make a "sincere effort" to resolve a discovery dispute. Although the Court is dissatisfied with the attempts made by counsel, it will go forward with the instant hearing regarding defendants' Motion to Compel (Dkt. #49) and Motion to Compel *Deem Request for Admission Admitted* (Dkt. #50).

     To clarify for the record, the Court inquires about which defendants remain active in this instant matter. Mr. Carter advises the Court that he represents all defendants listed in the caption of this case but that several have been dismissed by way of settlement. The two remaining defendants left are: Trustees of the Northern Nevada Operating Engineers Health and Welfare Trust Fund and Trustees of the Operating Engineers and Participating Employers Preapprentice,

MINUTES OF THE COURT
3:10-cv-00526-RCJ-WGC
Date: July 31, 2012
Page 2

Apprentice and Journeyman Affirmative Action Training Fund for Northern Nevada.  Mr. Carter does note for the Court that three of the defendants are in the midst of settlement but there has not been a formal stipulation of dismissal filed.  The Court encourages Mr. Carter to clarify for the Court, in writing, which defendants are active and which have been dismissed and/or currently in the process of being dismissed.

The Court advises counsel that it will address the discovery disputes pending, first starting with the interrogatories identified in Defendants' Motion to Compel Interrogatory Answers (Dkt. #49).

**I. Motion to Compel: Interrogator Answers (Dkt. #49)**

### INTERROGATORY NO. 11 and NO. 12
(First Set of Interrogatories (Dkt. #49-2))

The objections made by plaintiff that both interrogatory no. 11 and no. 12 call for a "legal conclusion" regarding alleged mistakes of fact or law is not accepted by the Court.  The Court believes that it is a legitimate ground of inquiry to ask about the claimed mistake of fact or law and have them explained or identified. Plaintiff is directed to provide supplemental answers to Interrogatories No. 11 and No. 12.

### INTERROGATORY NO. 4 and NO. 6
(Second Set of Interrogatories (Dkt. #49-5))

Plaintiff's contention is that it has appropriately answered both interrogatories No.4 and No. 6 by showing defendants the check that was paid to the Local 12 Trust Fund in settlement of the lawsuit.  Plaintiff also assert that it has provided defendants with a detailed summary of documentation that reflects each employee, each hour, each month, and each year where payments were made  to the Local 3 Trust Fund in error, as referenced in interrogatory no. 6.

Defendants believe that the case is framed around the subject matter of a "double payment." Mr. Carter asserts that his clients are being prejudiced because plaintiff is allowed to interject in the amended complaint (Dkt. #11) with a claim of "double payment" while not having to actually prove that "double payment" actually occurred.

The Court believes that irrespective of whether the claim is characterized as a "double payment," the essence of this case is that Diversified will have to prove that they made mistaken payments to Local 3, and/or its members or funds.  In light of this, the Court feels that plaintiff's answers to interrogatory no. 4 and no. 6 have been satisfied by the documentation it produced for the two interrogatories.

MINUTES OF THE COURT
3:10-cv-00526-RCJ-WGC
Date: July 31, 2012
Page 3

### II. Motion to Compel: Request for Admissions (Dkt. #50)

The Court reiterates its position that the same meet and confer requirements of the local rules apply to this motion just as it did with Defendants' Motion to Compel Interrogatory Answer (Dkt. #49). However, the Court moves forward to Defendants' Motion to Deem Requests for Admission Admitted (Dkt. #50).

The Court identifies the request for admissions in both set one and set two of defendants motion. Set one of the request for admission include: no's 5, 6, 12, 13, 14, 23 and 24 (Dkt. #50-1, Exhibit 2); second set include no's: 3, 4, 5, 7, 8, 9, 10, 11 and 12 (Dkt. #50-3, Exhibit 7). Mr. Carter clarifies that the first set of request for admissions should include no. 7 and no. 8, not no. 5 and no. 6. The Court notes for the record that components no. 5 and no. 6 of the request for admissions are withdrawn and that no. 7 and no. 8 will be addressed.

#### Request for Admission No. 7 and No. 8
(First Set of Request for Admission, Dkt #50-1, Ex. 2)

Mr. Carter indicates that there are "agreements" alleged in the amended complaint that characterizes travel agreements, key man agreements, and other agreements and the request for admission asks plaintiff to admit that those agreements were not signed. Mr. Carter states that the problem with defendants' answer is that their response is not a straight forward admission because of additional verbiage used in their response that is not relevant.

The Court inquires of defendants as to why they cannot fully admit to plaintiff's no.7 and no. 8 request for admission if they are using the language within the amended complaint. Mr. Moore indicates that Diversified is not certain what agreements are available and that in most instances Diversified does not sign travel agreements. Mr. Moore advises the Court that these agreements are between the employee and the employee union. Ultimately, plaintiff conditionally denied this request because it is not aware of signing any such agreements. Mr. Moore reiterates that plaintiff contends its responses are conditional denials; Diversified did not sign any of these agreements; and they were executed between employees and the respective unions.

The Court rules that responses no. 7 and no. 8 do not require further elaboration by Diversified.

#### Request for Admission No. 12
(First Set of Request for Admission, Dkt #50-1, Ex. 2)

Mr. Carter indicates that there is extra verbiage in plaintiff's supplemental response (Dkt. #50-1, Ex. 4). Mr. Carter suggests that plaintiff's response is a rationalization or excuse as to

MINUTES OF THE COURT
3:10-cv-00526-RCJ-WGC
Date: July 31, 2012
Page 4

why Diversified did not tell defendants that it was reporting and paying contributions to defendants for work performed in the jurisdiction of Local 12.

Mr. Moore advises the Court that in good faith, Diversified could not simply admit to defendants' request for admission no. 12. Diversified needed to provide an explanation to defendants that it was not aware of the errors until it was sued by Local 12.

The Court rules that request for admission no. 12 is deemed **ADMITTED**; however, plaintiff will continue to have its explanatory language accompany the request for admission.

### Request for Admission No. 13 and No. 14
(First Set of Request for Admission, Dkt #50-1, Ex. 2)

Mr. Carter indicates that plaintiff's objection to both request no. 13 and no. 14, that defendants are seeking a legal opinion and furthermore speculation, is not correct. Mr. Carter contends that it is an expectation of an experienced contractor that reported hours, on behalf of its employees, should be credited to the employees. Mr. Carter believes that the requests are proper and should be answered.

Mr. Moore asserts that Diversified understands where they make payments and does not involve itself in who earns which benefits and when they earn those benefits. Diversified's bottom line is that it makes payments.

The Court's ruling is that plaintiff's objection as to no. 13 and no. 14 is **OVERRULED**. Plaintiff shall file a supplemental answer to no. 13 and no. 14. Should the answer defendants receive not be satisfactory, they will need to prove it as part of their case, and will then be entitled to an award of attorney fees for the aspect of overcoming plaintiff's response. Plaintiff's supplemental response shall be due by **Friday, August 10, 2012**.

### Request for Admission No. 23 and No. 24
(First Set of Requests for Admission, Dkt. #50-1, Ex.2)

Mr. Carter advises the Court that request no. 23 and no. 24 are in similar vein as to no. 13 and no. 14, although they apply to the training fund and not the health fund. Mr. Carter requests that these request for admissions be handled in the similar manner as to no. 13 and no. 14.

Mr. Moore indicates that defendants are asking the plaintiff to speculate as to what is contained in the training trust fund agreements. Mr. Moore further indicates that plaintiff, still to this day, has not been provided with information as to how the training fund works. Without having the provisions and information of what the training fund states, Mr. Moore states that Diversified

MINUTES OF THE COURT
3:10-cv-00526-RCJ-WGC
Date: July 31, 2012
Page 5

is not in the business of knowing exactly when its employees earn benefits from the union funds.

The Court inquires whether there is a trust fund agreement or documentation that addresses how the trust fund operates. Mr. Carter advises the Court that the trust fund agreement has been produced in this case. The agreement shows that the purpose of the trust fund is to provide apprentice and journeyman training. Mr. Moore indicates that he believes plaintiff is in receipt of the trust fund agreement.

The Court rules that a supplemental response to request for admissions no. 23 and no. 24 by the plaintiff is required. The supplemental responses are due on **Friday, August 10, 2012.**

### Request for Admission No. 3, No. 4 and No. 5
(Second Set of Request for Admissions, Dkt. #50-3, Ex. 7)

In request for admission no. 3, Mr. Carter believes that as long as "double payment" continues to be part of the case, it should be clarified that the source of the "double payments" are the settlement checks not the contribution reports.

In regards to admission no. 4, it asks for an admission that Diversified reported to the trust funds the hours that it is seeking a refund on.

Finally, admission no. 5, Mr. Carter indicates is an important admission because when Diversified made its contributions to the trust funds, their own payroll records show which jurisdiction the hours were worked.

Mr. Moore indicates that it is the plaintiff's contentions that it has appropriately responded with qualified admissions and should be upheld by the Court.

The Court rules that the motion to deem admitted as to request for admission no 3., is **DENIED**. Request for admission no. 4, is deemed **ADMITTED**, but with Diversified's ability to include explanatory language. Request for admission no. 5, the Court is not inclined to direct plaintiff to alter its answer and is therefore **DENIED**.

### Request for Admission No. 7, No. 8, No. 9 and No. 10
(Second Set of Request for Admissions, Dkt. #50-3, Ex. 7)

Mr. Carter emphasizes that this group of request for admissions is in regard to obtaining an admission from plaintiff that this case revolves around written agreements only, not unwritten agreements.

MINUTES OF THE COURT
3:10-cv-00526-RCJ-WGC
Date: July 31, 2012
Page 6

      Mr. Moore indicates that it is still unclear what is meant by "unwritten" agreements. Plaintiff is unsure whether having an "understanding," if any, with certain individuals at Local 3, constitutes as an unwritten agreement or not.

      The Court is not inclined to require any additional responses from the plaintiff for request for admission no.'s 7-10, with the understanding that Diversified is representing that there are no agreements that relate to the subject matter of this litigation on erroneous payments.

### Request for Admission No. 11 and No. 12
(Second Set of Request for Admissions, Dkt. #50-3, Ex. 7)

      In both request for admissions no. 11 and no. 12, defendants' position is that if plaintiff is going to be allowed to allege "double payment" then they need to admit that they do not have documents that demonstrate the "double payment."

      Mr. Moore indicates that plaintiff had to qualify its responses to no. 11 and no. 12 because Diversified is unsure how it would have documents that would show how the Local 12 Trust Funds applied any settlement payment. Mr. Carter comments that this should be an admission without the qualifying language.

      The Court is inclined to separate the two request for admissions and rules as follows: request for admission no. 11 is deemed **ADMITTED**, and the Court will allow admission no. 11 to include the qualifying language. As for admission no. 12, and by agreement made by counsel, is deemed **ADMITTED**.

### III. Discussion of a Possible Settlement Conference

      The Court inquires whether counsel would be interested in a settlement conference. Both plaintiff and defendants are interested in a possible settlement conference. Counsel will discuss the feasability of proceeding with a settlement conference with their clients. Thereafter, counsel will contact Magistrate Judge Cobb's judicial assistant to discuss selection of a mediator and logistics of scheduling a settlement conference.

**IT IS SO ORDERED.**

10:56 p.m.  Court adjourns.

                                              LANCE S. WILSON, CLERK

                                              By:  /s/ Katie Lynn Ogden, Deputy Clerk